UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PRENTICE BERNARD JOHNSON,

    Plaintiff,

v.

COMCAST CORPORATION,

    Defendant.

Civil No. 07-3610 (JRT/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 3), by which he seeks leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is attempting to sue his former employer, Defendant Comcast Corporation. He claims that Defendant falsely accused him of violating a "violence in the work place policy," and wrongly terminated his employment based on that allegedly false accusation.

Plaintiff is seeking relief for alleged "Illegal Termination" in violation of "Minnesota State Statute 325.E.37 Termination of Sales Representative," and for "Defamation of Character" in violation of "Minnesota State Statute 609.765 Criminal Defamation." (Complaint, [Docket No. 1], p. 1, ¶ 3.) He is asking for a judgment against Defendant in the amount of $19,474.00 for "compensatory damages." (Id., p. 2, ¶ 5.)

**II. DISCUSSION**

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Here, it plainly appears on the face of Plaintiff's pleading that there are no grounds for federal subject matter jurisdiction. Plaintiff is expressly seeking relief based on two state law causes of action – (1) "Illegal Termination [in violation of] Minnesota State Statute 325.E.37," and (2) "Defamation of Character" [in violation of] Minnesota State Statute 609.765." There is nothing in Plaintiff's complaint which suggests that he is seeking any relief based on any federal law, (or that he would have any grounds for attempting to do so). Therefore, jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Furthermore, it clearly appears that subject matter jurisdiction does not exist under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332, because both Plaintiff and Defendant are Minnesota residents. (Complaint, p. 1, ¶s 1 and 2.[1]) Furthermore, Plaintiff is seeking a judgment in the amount of $19,474, which is well below the $75,000 statutory threshold for diversity jurisdiction.

Because Plaintiff's complaint clearly shows that there are no grounds for federal subject matter jurisdiction in this case, his current claims for relief cannot be litigated in

---

[1] The civil cover sheet filed with the complaint confirms that both Plaintiff and Defendant are Minnesota residents.

federal court.[2] The Court will therefore recommend that this action be summarily dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's application to proceed IFP be denied.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

Dated:   August 9, 2007

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before August 27, 2007, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[2] The Court expresses no opinion about whether the Minnesota state courts might entertain Plaintiff's claims.